UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVAN DEWAN,

                          Plaintiff,

       - against –

PETER SEIDEMAN d/b/a LAW OFFICE OF PETER SEIDEMAN,

                          Defendant.

**OPINION AND ORDER**

17 Civ. 1315 (ER)

Ramos, D.J.:

      Evan DeWan ("DeWan" or "Plaintiff") brings this action against Peter Seideman ("Seideman" or "Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349, and New York Judiciary Law § 487. Doc. 1 ("Compl.") ¶ 1. Before the Court is Plaintiff's motion to amend his complaint to include: (1) a claim for relief alleging that Defendant filed suit on behalf of a limited liability company, Van Wagner Airship Group, LLC ("Van Wagner"), and misrepresented that it was authorized to do business in New York; (2) a claim for relief for failure to file notice and use language required under 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11); and (3) minor stylistic edits. Doc 17 ("Notice of Mot. to Am. Compl."). For the reasons stated below, Plaintiff's motion is GRANTED in part and DENIED in part.

**I. Factual Background**[1]

In the fall of 2014, Plaintiff applied for a job as a blimp pilot with Van Wagner, a blimp dispatching and advertising company. Doc. 18 Ex. A ("Am. Compl.") ¶¶ 19-22. Plaintiff had no experience as a blimp pilot, but was trained as a helicopter pilot. *Id.* ¶ 23. On or about November 13, 2014, Van Wagner sent Plaintiff a letter offering Plaintiff a job which he accepted. *Id.* ¶ 24. Plaintiff then travelled from Maryland to California to begin work and, shortly after starting, signed a promissory note in the amount of $36,000. *Id.* ¶¶ 25-26.

The promissory note stipulated that Van Wagner would loan Plaintiff $36,000 to pay for his blimp pilot training and that the loan would accrue interest at a rate of 8% per year. Compl. Ex. B at 1. Plaintiff was required to work for Van Wagner for 36 months in order to pay off the loan. *Id.* If Plaintiff's employment terminated after he was a "Qualified Company Airship Pilot" but before 36 months of employment, he would immediately have to pay Van Wagner the remainder of the promissory note with interest.[2] *Id.* at 1-2. The promissory note also contained a choice of law provision and a forum selection clause which specified that the note would be governed by New York law and that any matters arising out of the note would be brought in New York state courts or United States courts located in New York. *Id.* at 2.

In late May or early June of 2015, just three months after he began working, Plaintiff submitted a letter of resignation to Van Wagner. Am. Compl. ¶ 35. Subsequently, Plaintiff received a letter from Van Wagner requesting that, as per the promissory note, he pay

---

[1] The following facts are taken from Plaintiff's Amended Complaint, which the Court accepts as true for purposes of the instant motion, *see Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 366 n.1 (S.D.N.Y. 2014), and Defendant's submissions.

[2] $36,000 (36-the number of months Plaintiff worked/36) + interest.

$33,763.15[3] by June 24, 2015. Compl. Ex. B at 1. When Plaintiff defaulted on his payment, Van Wagner hired Seideman to enforce the promissory note and recover Plaintiff's debt. Doc. 22 ("Opp'n to Mot to Am. Compl.") at 4.

On February 22, 2016, Seideman filed a summons and complaint on behalf of Van Wagner in the Supreme Court of the State of New York, for the County of New York, in accordance with the choice of law and forum selection clause in the promissory note. Compl. Ex. B at 2. In his state court complaint, Seideman alleged that Plaintiff failed to pay Van Wagner $34,469.52, the amount owed from the promissory note at the date of that filing. Compl. Ex. F ¶ 9. The complaint also stated that Van Wagner was a "duly authorized corporation having a place of business and general offices at 800 Third Avenue, New York, New York 10022-7604." Am. Compl. ¶ 83. Approximately one year later, on or about February 14, 2017, Seideman moved for summary judgment. Opp'n to Mot to Am. Compl. at 4. This motion for summary judgement is still pending. *Van Wagner Airship Grp., LLC v. DeWan*, No. 065089-2016 (Sup. Ct. New York County filed May 16, 2017).

In the meantime, in early July 2017, Plaintiff learned that although Van Wagner was headquartered in New York, it was not licensed to do business in New York. Am. Compl. ¶ 79. This meant that Van Wagner was a foreign LLC doing business in New York and as such, was required to apply for authorization to do business in New York. *Id.* ¶¶ 80-81. As an unauthorized foreign LLC in New York, Van Wagner could not maintain an action in New York state court. *Id.* ¶ 82. On July 12, 2017, Van Wagner applied for and received authorization to do business in New York. Opp'n to Mot to Am. Compl. at 5.

---

[3] This amount was calculated using the algorithm set forth in the promissory note, $36,000 (36-2.87/36) = $33,130 plus interest of $633.15. *See* Compl. Ex. B. at 1-2.

3

## II. Procedural Background

Plaintiff filed his original federal court complaint on February 21, 2017 alleging various violations of the FDCPA § 1692 for abusive, deceptive and unfair debt collection practices, New York General Business Law § 349 for deceptive acts and practices, and New York Judiciary Law § 487 for deceit and collusion. Compl. ¶ 1. Specifically, Plaintiff alleges that Defendant improperly filed suit in New York, filed a lawsuit for a sham loan, falsely represented the nature of the loan and its requirements, and used unfair and deceptive practices in attempting to collect on the loan. *Id.* ¶ 80. Defendant filed an answer on May 11, 2017 asserting thirty-four affirmative defenses and demanding a trial by jury. Doc 6 ("Answer") at 12-17. Plaintiff filed the instant motion on August 7, 2017 requesting leave to amend his complaint. Notice of Mot. to Am. Compl.

## III. Legal Standard

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its complaint pursuant to the other party's written consent or the court's leave. Fed. R. Civ. P. 15. Under section 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis*, 371 U.S. 178, 182 (1962), who may deny leave to amend for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks omitted)). This is a permissive standard since there is a "strong preference for resolving disputes on the merits." *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted)).

An amendment to a pleading is futile if the proposed claim would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). To withstand a motion to dismiss, the plaintiff must allege sufficient facts that, when accepted as true, state "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The party opposing the motion to amend bears the burden of proving the claim's futility. *See, e.g.*, *Allison v. Clos-ette Too, L.L.C.*, 14 Civ. 1618 (LAK) (JCF), 2015 WL 136102 at *2 (S.D.N.Y. Jan. 9, 2015).

The Second Circuit has held that leave to amend may be denied on the basis of futility when it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999) (citation and internal quotation marks omitted). In determining whether an amendment is futile, the court evaluates the amended complaint "through the prism of a Rule 12(b)(6) analysis." *Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006). Following this standard, the court accepts the Plaintiff's factual allegations as true and draws reasonable inferences in favor of the Plaintiff. *Id.*

The trial court has broad discretion when ruling on a motion to amend, *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), but generally, will not deny leave to amend based on futility unless the proposed amendment is clearly frivolous or legally insufficient. *See In re Ivan F. Boesky Sec. Litig.*, 882 F. Supp. 1371, 1379, (S.D.N.Y. 1995) (citing *Lerman v. Chuckleberry Pub, Inc.*, 521 F. Supp. 228, 231 (S.D.N.Y. 1982), *rev'd on other grounds sub nom. Lerman v. Flynt Distrib. Co.*, 745 F.2d 123 (2d Cir.), *cert. denied*, 471 U.S. 1054 (1984)). Beyond these considerations, the court does not need to consider the substantive merits of the

plaintiff's claim on a motion to amend. *Id.*; *see also Ricciuti*, 941 F.2d at 123-124 (noting that the plaintiff is not required to prove his case at this stage).

**IV. Discussion**

In the instant case, Defendant opposes this motion solely on the ground that the proposed amendment is futile. Opp'n to Mot to Am. Compl. at 5.

**A. Authorization and Misrepresentation**

As mentioned above, Plaintiff seeks to amend his complaint to add an additional claim for relief because Seideman misrepresented that Van Wagner was authorized to do business in New York. Plaintiff moves to include this claim as a violation under the FDCPA and relevant state law. Am. Compl. ¶¶ 89(v), 106, 116. Seideman contends that this amendment is futile because, on July 12, 2017, Van Wagner applied for and received authorization to do business in the state. Opp'n to Mot to Am. Compl. at 5. To establish that the proposed amendment is futile, Defendant must prove that the Plaintiff has not established a set of facts which plausibly support his claim. *See Henneberry*, 415 F. Supp. 2d at 433.

Plaintiff specifically seeks leave to assert "that [Van Wagner] was doing business in New York, but was not authorized to do business in New York, and for misrepresenting to Plaintiff and the NYS Supreme Court that Van Wagner was authorized to do business in New York." Doc. 19 ("Mem. in Supp.") at 1. On the facts of this case, the question of whether Van Wagner was authorized to do business in New York and whether that fact was misrepresented potentially constitute different violations under the FDCPA and relevant New York statutes. However, in the instant motion, neither party distinguishes between them. *Id.* The Court reads this as two potential claims; first, that Van Wagner was unauthorized to do business in New York and

therefore could not file here, and second, that Defendant misrepresented that Van Wagner was authorized to do business in New York. The Court will address each in turn.

McKinney's Consolidated Laws of New York § 802(a) states that "[b]efore doing business in this state, a foreign limited liability company shall apply for authority to do business in this state . . . ." N.Y. Limited Liability Company Law § 802(a) (McKinney 2006). Section 808(a) provides that a company unauthorized to do business in New York "may not maintain any action, suit or special proceeding in any court of this state unless and until such limited liability company shall have received a certificate of authority in this state." *Id.*

New York courts have read these statutes literally, holding that the prohibition is on *maintaining* and not *initiating* an action, so that "failure to obtain a certificate of authority to do business in New York before initiating the action is not a fatal jurisdictional defect . . . ." *Basile v. Mulholland*, 899 N.Y.S.2d 851 (Mem), 2010 N.Y. Slip. Op. 04270 (1st Dep't 2010); *see also Manhattan Fuel Co. v. New England Petroleum Corp.*, 422 F. Supp. 797, 801 (S.D.N.Y. 1976) ("failure to so qualify is not a jurisdictional defect defeating the action") (explaining failure to obtain authorization under an analogous law, Business Corporation Law § 1312). New York courts thus hold that the proper remedy in these cases is for the court to stay the action until the unauthorized foreign limited liability corporation has obtained the necessary authorization. *See RDLF Fin. Servs., LLC v. Esquire Capital Corp.*, No. 13906-11 (CED), 2012 WL 695488, at *5 (Sup. Ct. Kings County 2012); *Mobilevision Med. Imaging Servs., LLC v. Sinai Diagnostic & Interventional Radiology, P.C.*, 885 N.Y.S.2d 631 (Mem), 2009 N.Y. Slip Op 07259 (2d Dep't 2009) (noting that the court properly stayed the proceeding to afford petitioner an opportunity to comply with Limited Liability Company Law § 808(a), rather than dismissing the action).

Since New York courts permit parties who are unauthorized to do business in New York to file suits, Plaintiff's claim that Seideman was unable to access New York courts because Van Wagner was unauthorized to do business in the state is futile. It appears that once Seideman became aware of the authorization issue in July 2017, Van Wagner filed for and received authorization to do business in New York, thereby curing the jurisdictional defect. Opp'n to Mot to Am. Compl. at 5. Accordingly, Plaintiff's motion to amend is denied in so far as Plaintiff wishes to include a claim for relief based on the fact that Defendant filed a suit in New York state court when Van Wagner was not authorized to do business in New York.

With regard to Plaintiff's claim that Seideman misrepresented that Van Wagner was authorized to do business in New York, Am. Compl. ¶¶ 80, 82-85, Defendant does not challenge that in his state court complaint it asserts that "At all times hereinafter mentioned, Plaintiff VAN WAGNER was and still is a duly authorized corporation[4] having a place of business and general offices at 800 Third Avenue, New York, New York 10022-7604." Am. Compl. ¶¶ 82-85.

All three statutes under which Plaintiff brings this proposed cause of action address deceptive practices. *See* FDCPA, 15 U.S.C. § 1692e (1996) ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); N.Y. Gen. Bus. Law § 349 (McKinney 20014) ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."); N.Y. Jud. Law § 487 (McKinney) ("An attorney or counselor who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive

---

[4] Neither party makes a specific argument about the meaning of this phrase. Since it says "duly authorized corporation" the Court recognizes that this could mean that Van Wagner is an authorized corporation who happens to be headquartered in New York. Alternatively, this could be read to suggest that Van Wagner is a corporation duly authorized to do business in New York. This is ultimately a question of fact which will be resolved at a later date.

the court or any party . . . .") Since it is not disputed that Van Wagner was not a "duly authorized corporation having a place of business and general offices" in New York when the state court complaint was filed, Plaintiff has stated a claim that Defendant made a misrepresentation. Defendant has therefore not met his burden of demonstrating that this portion of Plaintiff's claim is futile.[5]

Since Defendant has not met his burden of establishing that there is no set of facts upon which Plaintiff can prove his claim, the Court grants Plaintiff's motion to amend his complaint to add the claim that Defendant misrepresented that Van Wagner was authorized to do business in New York.

**B. Minor Changes**

Plaintiff also seeks leave to amend the complaint to "clean[] up the original complaint." Mem. in Supp. at 1. These changes consist of minor stylistic edits as well as one substantive correction. In the original complaint, Plaintiff included in the facts section that Defendant had not sent a validation notice required under 15 U.S.C. § 1692g and had not used language required under 15 U.S.C. § 1692e(11), Compl. ¶¶ 63-64, but he did not describe these violations in the causes of action section. The proposed amended complaint includes these violations in Count I of the Causes of Action. Am. Compl. ¶ 89(vii).

---

[5] Defendant's additional arguments, specifically that Plaintiff has contractually and procedurally waived his rights to not be sued in a distant forum, and that the promissory note is not a "debt" under the FDCPA, are arguments on the merits of Plaintiff's claims and are therefore inappropriate to resolve on a motion to amend. *See, e.g.*, *Ricciuti*, 941 F.2d at 123-124; *Cinelli v. Oppenheim-Ephratah Cent. Sch. Dist.*, 07 Civ. 0235 (DNH) (GJD), 2008 WL 111174, at *1 (N.D.N.Y. Jan. 7, 2008) ("When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment."). As Plaintiff suggests, Defendant can file a motion to dismiss, or another motion, to address these issues.

Defendant does not address these changes in his opposition to the motion to amend. *See* Opp'n to Mot to Am. Compl. Generally, courts should allow leave to amend a complaint unless the non-movant can establish prejudice or bad faith. *City of New York v. Group Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011). The facts upon which this claim rests were in the original complaint and Defendant took no issue with them. Therefore, Defendant cannot state that he is surprised by this claim, or that he is unduly prejudiced since discovery has not begun. *See Fastiggi v. Waterview Hills Nursing Ctr., Inc.*, 6 F. Supp. 2d 242, 243 (S.D.N.Y. 1998) ("[Plaintiff's] proposed amendment is not prejudicial or in bad faith because it comes early in the litigation, before substantial discovery has taken place, and relies on the same facts as the original complaint,"). Accordingly, Plaintiff should be allowed to make these corrections.

## V. Conclusion

For the reasons set forth above, Plaintiff's motion to amend the complaint is DENIED as to the proposed amendment that Seideman could not file suit in New York state court, and GRANTED as to all other proposed amendments. The Clerk of Court is respectfully directed to terminate the motion, Doc. 17.

It is SO ORDERED.

Dated: December 5, 2017
New York, New York

Edgardo Ramos, U.S.D.J.